United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                              Case No. 22-20519

v.

                              Hon. Laurie J. Michelson

D-4 Maijah Greene,

      Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Maijah Greene, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will plead guilty to Count 1 of the First Superseding Indictment. Count 1 charges the defendant with kidnapping conspiracy under 18 U.S.C. § 1201(a)(1) and (c).

## 2. Statutory Maximum Penalties

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

1

| Count 1 | Term of imprisonment: | Up to life |
|---------|----------------------|------------|
|         | Fine:                | Up to $250,000 |
|         | Term of supervised release: | Up to 5 years |

**3.    Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss Count 2 in the First Superseding Indictment, which charges the defendant with kidnapping, aiding and abetting, under 18 U.S.C. §§ 1201(a)(1) and (2).

**4.    Elements of Count of Conviction**

The elements of Count 1 are:

1.    Two or more persons conspired, or agreed, to commit the crime of kidnapping. The crime of kidnapping is committed if:

    a.    A person knowingly and willfully kidnapped, seized, confined, or abducted Victim 1, the individual identified in the First Superseding Indictment;

    b.    The person held Victim 1 with the intent to receive a reward or other benefit; and,

2

     c.     The person used any means, facility, or instrumentality of interstate commerce in kidnapping, seizing, confining, or abducting Victim 1 or in furtherance of kidnapping Victim 1.

2.     The Defendant, Maijah Greene, knowingly and voluntarily joined the conspiracy; and

3.     The Defendant, Maijah Greene, or one of her coconspirators, did one of the overt acts described in the first superseding indictment for the purpose of advancing or helping the conspiracy.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On November 14, 2021, Maijah Greene knowingly and voluntarily joined an agreement to unlawfully kidnap and hold Victim 1 against her will within the Eastern District of Michigan. Members of the conspiracy, including Maijah Greene, shared the mistaken belief that Victim 1 played some role in carjacking and shooting their friend, Cortez Blake.

3

Members of the conspiracy sought to kidnap Victim 1 to retaliate against Victim 1 and to obtain information from her about the carjacking and shooting of Cortez Blake. In furtherance of the crime, members of the conspiracy used cellular telephones and social media to organize and recruit others to commit and facilitate the kidnapping.

Members of the conspiracy took Victim 1 and held Victim 1 against her will in a house in Detroit. They did this, at least in part, to get information from Victim 1. Members of the conspiracy took Victim 1's cellular phone and reviewed its contents to determine who was involved in Cortez Blake's carjacking and shooting. A cellular telephone was used to recruit and direct Maijah Greene to join the kidnapping of Victim 1 at the residence where Victim 1 was held against her will. Once there, Maijah Greene physically assaulted Victim 1 to punish her and extract information from her while Victim 1 was held against her will, and while other people held and pointed firearms at Victim 1.

Victim 1 was released during the early morning hours of November 15, 2021.

4

## 6.    Advice of Rights

The defendant has read the First Superseding Indictment, has discussed the charge and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of

6

the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 8.   Defendant's Guideline Range

### A.   Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.   Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.    Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.    Imprisonment

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment

on Count 1 not exceed the top of the defendant's guideline range as determined by the Court.

### 2.    No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

### 1.    Recommendation

The parties have no agreement as to supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands

that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D.    Fines

There parties have no agreement as to a fine.

## E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution, if any, is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10.   Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of imprisonment exceeds the top of the guideline range as determined by the Court.

12

## 11.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

## 12.   Remedies for Withdrawal, Breach, Rejection, or Vacatur

If the defendant is allowed to withdraw her guilty plea, or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives her double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 3:00 PM on July 12, 2024. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Craig Wininger
Chief, Violent and Organized
Crime Unit
Assistant U.S. Attorney

_____
David Cowen
Assistant U.S. Attorney

_____
Jeanine Brunson
Assistant U.S. Attorney

Dated: July 9, 2024

By signing below, the defendant and her attorney agree that the

defendant has read or been read this entire document, has discussed it

with her attorney, and has had a full and complete opportunity to

confer with her attorney. The defendant further agrees that she

16

understands this entire document, agrees to its terms, has had all of her

questions answered by her attorney, and is satisfied with her attorney's

advice and representation.

Randall Roberts
Attorney for Defendant

Dated: 7/11/24

Marjah Greene
Defendant

7-11-24